UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
*ex rel*. MELISSA HIGGINS,

      Plaintiff,

v.                                  Case No. 8:14-cv-2769-T-33AEP

HEALTHSOUTH CORPORATION n/k/a
ENCOMPASS HEALTH CORPORATION,

      Defendant.

                                       /

## **ORDER**

Plaintiff Melissa Higgins ("Relator") brought this *qui tam* action, as Relator, against Defendant HealthSouth Corporation n/k/a Encompass Health Corporation's ("Encompass Health") for violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.* (Docs. 1 & 2). Currently before the Court are Relator's request for an award of attorneys' fees, expenses, and costs pursuant to 31 U.S.C. § 3730 and Encompass Health's response in opposition thereto (Docs. 89, 90, 107, 116, 124, 138, 141). Essentially, Relator seeks an award under the FCA of (1) attorneys' fees in the amount of $1,298,227 and (2) expenses and costs in the amount of $31,739.73. Upon consideration, Relator's request for attorneys' fees, expenses, and costs (Docs. 89 & 138) is granted in part and denied in part.[2]

### I.    **Background**

Relator initiated this action in the Northern District of Texas against Encompass Health, alleging violations of the FCA relating to allegedly excessive fees and fraudulent billing by

---

[2] Originally, the district judge referred the request for attorneys' fees, costs, and expenses for issuance of a Report and Recommendation, including any related hearings, motions, and deadlines (Doc. 92). During the hearing on the initial fee application, the parties consented to disposition of the request for attorneys' fees, costs, and expenses by the undersigned.

Encompass Health to Medicare and other public and private health insurers (Docs. 1 & 2).[3] According to Relator, she worked for Encompass Health as Director of Therapy Operations at a facility in Arlington, Texas, during most of the relevant period (Doc. 2, at ¶¶24, 36, 133-36, 165-68). After noticing potential fraudulent billing practices, Relator alleged that she raised concerns starting around 2008 and was subsequently forced to resign (Doc. 2, at ¶¶24-28, 140-50, 174-75). Following her alleged forced resignation, Relator filed the instant *qui tam* action against Encompass Health, raising the following claims under the FCA: (1) presentation of false claims; (2) making or using a false record of statement to cause a claim to be made; (3) making or using a false record of statement to avoid an obligation to refund; (4) conspiracy; and (5) retaliation (Doc. 2, at ¶¶ 161-75).

Initially, the Government declined to intervene in this action but indicated that its efforts to resolve the action would continue with all parties (Doc. 73). Subsequently, the Government sought to intervene for purposes of settlement after reaching a settlement in this action and two related actions (Doc. 81), which the Court granted (Doc. 83). Thereafter, the parties submitted a Joint Stipulation of Dismissal (Doc. 86), seeking to dismiss the action with prejudice as to Relator and the Government, except that Relator's claims for attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d) and for retaliation pursuant to 31 U.S.C. § 3730(h) were not dismissed. Instead, the parties requested that the Court retain jurisdiction to resolve the reserved claims under 31 U.S.C. § 3730(d) and (h). Upon consideration, the Court dismissed Relator's *qui tam* claims with prejudice but retained jurisdiction to resolve Relator's claim for retaliation pursuant to 31 U.S.C. § 3730(h), as well as any claims for attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d) (Doc. 87).

---

[3] Upon motion by the Government to transfer or consolidate, the Northern District of Texas transferred this action to the Middle District of Florida (*see* Doc. 1).

Relator then filed her First Amended Complaint, setting forth claims for retaliation under 31 U.S.C. § 3730(h) and for attorneys' fees, expenses, and costs under 31 U.S.C. § 3730(d) and (h) (Doc. 88). The next day, Relator moved for an award of attorneys' fees, expenses, and costs pursuant to 31 U.S.C. § 3730(d) (Docs. 89 & 90). Specifically, Relator sought attorneys' fees in the amount of $1,192,726.50 and expenses in the amount of $27,702.77 (Doc. 89, at 9). Encompass Health responded in opposition, arguing that each law firm representing Relator failed to produce satisfactory evidence in support of the requested rates and that the requested rates were excessive (Doc. 107). With respect to the hours expended, Encompass Health argued that the hours were excessive, unreasonable, and either did not relate to or did not advance this litigation. Finally, as to the requested costs and expenses, Encompass Health asserted that Relator failed to sufficiently support the request and that the costs were excessive. In reply, Relator further argued the reasonableness of the requested rates, hours expended, costs, and expenses and, in addition, requested the production of Encompass Health's billing invoices (Doc. 116).

During the pendency of the instant motion, Encompass Health moved to dismiss the First Amended Complaint (Doc. 104). After consideration, the district judge granted Encompass Health's Motion to Dismiss, dismissed the First Amended Complaint in its entirety, and closed the case (Doc. 123). Notwithstanding, the district judge retained jurisdiction to rule on Relator's request for attorneys' fees, costs, and expenses and additionally directed Relator to supplement the request to explain what portion of the fees, if any, were incurred in pursuing her retaliation claim. To that end, Relator submitted her supplemental brief detailing the hours expended in pursuing her retaliation claim and identifying reductions made for such hours (Doc. 124).

Subsequently, the undersigned conducted a hearing at which the parties appeared and presented oral argument on the initial application for attorneys' fees, costs, and expenses. During the hearing, the parties indicated that they reached a stipulation as to the hourly rates for each attorney billing in this action and received an opportunity to submit supplemental briefs. Following the hearing, the parties submitted their supplemental briefs (Doc. 138 & 141). Relator now seeks attorneys' fees in the amount of $1,298,227 and costs and expenses in the amount of $31,739.73 (Doc. 138). Encompass Health reiterates its prior arguments and contends that the supplemental request is similarly unreasonable, especially with respect to time spent on issues unrelated to the advancement of the FCA claims and travel time and expenses for S&M's out-of-town counsel (Doc. 141).

**II.     Discussion**

Under 31 U.S.C. § 3730(d), a prevailing *qui tam* plaintiff may receive an award of reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. 31 U.S.C. § 3730(d)(1) & (2). Such fees, costs, and expenses are available under 31 U.S.C. § 3730(d)(1) where the Government intervenes and under 31 U.S.C. § 3730(d)(2) where the Government declines to intervene. As indicated above, though the Government initially declined to intervene in this matter (Doc. 73), it subsequently sought to intervene for purposes of settlement (Doc. 81), which the Court permitted (Doc. 83). For purposes of this motion, the Government's intervention does not affect the outcome, as Encompass Health does not dispute Relator's entitlement to an award of attorneys' fees, expenses, and costs under 31 U.S.C. § 3730(d) in this action (Doc. 107, at 6 n.1) and both subsections (1) and (2) provide the same relief with respect to fees, expenses, and costs regardless of the Government's intervention. Accordingly, under 31 U.S.C. § 3730(d), Relator is entitled to an award of attorneys' fees, costs, and expenses.

### A.     Attorneys' Fees

In this instance, Relator seeks a total award of $1,298,227 in attorneys' fees.  Namely, Relator seeks an award of attorneys' fees in the amount of $1,256,339 for work performed by Stone & Magnanini LLP ("S&M") and in the amount of $41,888 for work performed by Kendall Law Group PLLC ("Kendall") (Doc. 138).  To determine a reasonable award of attorneys' fees for *qui tam* actions brought under the FCA, courts apply the lodestar approach. *U.S. v. Patrol Servs., Inc.*, 202 F. App'x 357, 358-59 (11th Cir. 2006) (*per curiam*); *U.S. ex rel. Burr v. Blue Cross & Blue Shield of Fla., Inc.*, 882 F. Supp. 166, 169-70 (M.D. Fla. 1995) (citations omitted); *cf. United States v. Everglades College, Inc.*, 855 F.3d 1279, 1292-93 (11th Cir. 2017) (discussing the lodestar analysis in relation to an award of attorneys' fees under the FCA).  Under the lodestar approach, to calculate a reasonable award of attorneys' fees, courts multiply the reasonable hourly rate by the reasonable hours expended.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  In determining this lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citations omitted).  In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999).  The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *See Norman*, 836 F.2d at 1299.  At a minimum, satisfactory evidence consists of more than the affidavit of the attorney

performing the work; instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

After determining the reasonable hourly rate, courts must then determine the number of hours reasonably expended on the litigation. In submitting a fee application, counsel must exercise proper billing judgment and thus exclude any hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Norman,* 836 F.2d at 1301. Accordingly, counsel may not bill any hours to their adversary which they would not bill to their client. *Hensley*, 461 U.S. at 434. Where the time or fees claimed appear expanded or lack documentation or testimonial support, a court may make a fee award based on its own experience and knowledge. *Norman,* 836 F.2d at 1303 (citation omitted).

Importantly, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. When a request for attorney's fees is unreasonably high, courts may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board deduction. *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). In doing so, courts must endeavor to "do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

### i. Reasonable Hourly Rates

As noted above, the parties stipulated to the following reasonable hourly rates:

| Attorney/Paralegal | Hourly Rate |
| --- | --- |
| David Stone | $720 |
| Robert Magnanini | $720 |
| David Harrison | $475 |
| Bradford Muller | $550 |
| Alex Barnett-Howell | $425 |
| Rachel Simon | $375 |
| Tara Saybe (Paralegal) | $250 |
| Brian Rawson (Paralegal) | $190 |
| Judge Joseph Kendall | $720 |

| | |
|---|---|
| Jamie Gilmore | $500 |
| Dawn Elkhoury (Paralegal) | $150 |

(Doc. 90, at ¶¶23-100; Doc.138, at ¶2). Given the parties' stipulation, the foregoing hourly rates will be awarded.

### ii. Reasonable Hours Expended

With respect to the hours expended, however, a reduction is warranted for both S&M and Kendall. Specifically, as articulated by Encompass Health, several of the hours requested are excessive, unreasonable, vague, and involve block billing.

### a. S&M

Significantly, in support of its supplemental fee application, Relator failed to identify the total hours expended by each S&M attorney performing work in this action, as the billing records only itemize each time entry without totaling the hours expended in the case by attorney or in any other useful fashion (Doc. 138, Ex. A). Further, as Encompass Health argues, the time expended on certain tasks was excessive and unreasonable, including time spent traveling and redacting documents, and numerous time entries involve block billing, are vague, and include non-compensable time for administrative tasks and the now-dismissed retaliation claim (Doc. 107, at 8-16; Doc. 141, at 2-7). Given the voluminous records and the lack of specificity, the Court cannot adequately engage in an hour-by-hour analysis. Indeed, Relator seeks compensation for hours completed by 6 different attorneys and two paralegals at S&M over the course of nine years,[4] while failing to provide detailed information to easily identify the total number of hours expended, and, more importantly, the number of hours expended by each of the individual attorneys or the paralegals in this action. Given the deficiencies described below, an across-the-board reduction is appropriate for the attorneys' fees requested for work

---

[4] S&M voluntarily excluded six other timekeepers who additionally expended hours on this litigation (Doc. 116, at 5 n.2).

performed by S&M.  *See Bivins*, 548 F.3d at 1350; *see Loranger v. Stierheim*, 10 F.3d 776, 783

(11th Cir. 1994) (indicating that, where a fee application is voluminous, an hour-by-hour

analysis of the fee request is not required, as it may prove both impractical and a waste of

judicial resources, and, instead, an across-the-board percentage cut may be applied).

### 1. Excessive, Unreasonable, and Vague Hours and Block Billing

Initially, Encompass Health contends that the hours sought for work performed by S&M

are excessive and unreasonable.  For example, as Encompass Health highlights, Relator seeks

reimbursement for more than 100 hours of travel time for meetings and approximately 40 hours

for the redaction of documents (Doc. 138, Ex. A; *see* Doc. 107, at 8-10; Doc. 141, at 2, 4-5).

Notably, the more than 100 hours spent on travel are excessive and unreasonable, as both the

fee application and documentation pertaining to the expenses and costs indicate that the parties

maintained the ability to conduct and access teleconferences.  Rather than conducting in-person

meetings requiring excessive travel, the parties instead could have conducted teleconferences.

Similarly, the hours spent on redactions, which S&M often billed at the hourly rates for

attorneys (*see, e.g.,* Doc. 138, Ex. A, at 9, 78, 87), constitutes clerical work that should have

either been omitted or charged at a reduced or paralegal rate, and thus are likewise excessive

and unreasonable.  *See Am. Charities for Reasonable Fundraising Reg., Inc. v. Pinellas Cty.*,

278 F. Supp. 2d 1301, 1315 (M.D. Fla. 2003) (noting that, where it appears that work performed

was of a clerical nature, the charges should be rejected); *cf. Jean v. Nelson*, 863 F.2d 759, 778

(11ht Cir. 1988) (indicating that paralegal time is recoverable as part of a prevailing party's

award of attorneys' fees and costs only to the extent that the paralegal performs work

traditionally done by an attorney) (citation omitted).  These and other excessive and

unreasonable charges appear throughout the supplemental fee application (Doc. 138, Ex. A).

Parsing out which charges to exclude on an entry-by-entry basis is neither feasible nor a proper use of judicial resources in this instance.

Namely, the vast majority of the time entries submitted by S&M consist of vague entries and block billing, wherein counsel lumps together multiple activities in a single entry with no indication of how much time counsel spent on each task. *See, generally, Zachloul v. Fair Debt Collections and Outsourcing*, Case No. 8:09-CV-128-T-27MAP, 2010 WL 1730789, at \*3 (M.D. Fla. Mar. 19, 2010). Indeed, like block billing, vagueness greatly complicates the court's analysis of a reasonable fee. A fee application "must sufficiently apprise the court of the specific services rendered and the time spent on such activity for each time blocked." *Nitram, Inc. v. Indus. Risk Insurers*, 154 F.R.D. 274, 277 (M.D. Fla. 1994). The fee applicant should set out the general subject matter of the time expenditures with sufficient particularity so that the district court can assess the time claimed for each activity. *Norman*, 836 F.2d at 1303. Where a fee applicant's documentation proves inadequate, the court may reduce the award accordingly. *Hensley*, 461 U.S. at 433. In fact, if a time entry is excessively vague, the court may reduce or eliminate it. *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1379 (M.D. Fla. 2010) (citation and footnote omitted). Given the excessive, unreasonable, and vague hours requested and S&M's use of block billing, an across-the-board reduction is warranted.

### 2. Hours Unrelated to this Litigation

Encompass Health additionally contends that Relator spent approximately 207.6 hours on tasks related to the settlement of other relators' claims and on claims not included in the settlement, which are not compensable as such hours did not relate to the current litigation. Relator relies upon *U.S. ex rel. Educational Career Development, Inc. v. Central Florida Regional Workforce Development Board, Inc.*, wherein the court concluded that "Relator is not entitled to reimbursement of fees for activities unrelated to the litigation, such as negotiations

with the United States over Relator's share of the settlement or time spent researching the viability of such efforts" as such negotiations did not directly involve the defendants or prosecution of the claims at issue. No. 6:04-CV-93-ORL-19DABC, 2007 WL 1601747, at *5 (M.D. Fla. June 1, 2007) (citing, among other cases, *United States ex rel. Taxpayers Against Fraud v. Gen. Elec.,* 41 F.3d 1032, 1045 (6th Cir.1994) for the proposition that a defendant is not liable for fees in a collateral dispute over a relator's share of a *qui tam* settlement). The issue then turns upon whether the time S&M spent negotiating Relator's share as part of a global settlement between six related cases is compensable as reasonable time expended and necessarily incurred to advance the instant action.

Notwithstanding Encompass Health's arguments to the contrary, the hours expended regarding the global settlement relate to the current litigation and are compensable. Significantly, *Encompass Health* desired a global settlement of all pending actions. According to Relator, Encompass Health demanded that three of the relators be dismissed with prejudice for a global settlement to occur (Doc. 116, at 7-8). Relator then endeavored to comply with Encompass Health's demands to achieve a global settlement with dismissal of three relators. Unlike in the case relied upon by Relator, in which the court excluded hours expended in litigation that solely involved the United States in pursuing a relator's share of a settlement amount, Encompass Health requested and pursued a global settlement of all remaining relators' claims in this action. Such pursuit required S&M to expend time to achieve the global settlement. In this context, the efforts expended by S&M to pursue the Relator's share in connection with the eventual global settlement with Encompass Health and the Government were *necessarily incurred* to advance this action, mainly the global settlement with dismissal of three relators as requested by Encompass Health. Furthermore, as Magnanini acted as lead counsel in pursuing the global settlement, it stands to reason that the hours expended would

reflect additional work performed in that role. That being said, and as Encompass Health illustrates (Doc. 107, at 11-15; Doc. 141, at 4), the number of hours spent pursuing the global settlement appear somewhat inflated and thus require reduction.

Similarly, as Encompass Health argues, a reduction is warranted for fees sought for post-settlement hours expended drafting correspondence and memos regarding the distribution and payment of the settlement. Upon completion of the global settlement, any matters pertaining to correspondence by or between Relator's counsel and the drafting of memos regarding the distribution or payment of settlement proceeds do not relate to the instant litigation between Relator and Encompass Health. Though Encompass Health highlights several entries illustrative of the post-settlement time entries (Doc. 141, at 4), the time records do not allow meaningful review of each time entry related to settlement and post-settlement work performed. Given such deficiency, an across-the-board reduction is warranted.

### 3. Retaliation

Encompass Health further argues that time spent on Relator's retaliation claim under 30 U.S.C. § 3730(h) should likewise be excluded. Notably, Encompass Health identifies several entries in the supplemental fee application for time expended regarding the retaliation claim (Doc. 141, at 3 n.2-6). Relator argues that an award of such fees is premature as the retaliation claim remains pending. Though the basis for Relator's argument is flawed, a reduction of the hours expended in connection with the pursuit of the retaliation claim nonetheless is warranted.

At the time of the initial application for attorneys' fees, Relator's retaliation claim remained pending before the Court by virtue of the Amended Complaint (Doc. 88), along with a separate claim for attorneys' fees under 31 U.S.C. § 3730(d) and under 31 U.S.C. § 3730(h)(2) stemming from the retaliation claim. Encompass Health then filed its Motion to Dismiss the Amended Complaint (Doc. 104). Upon consideration, the district judge dismissed, with

prejudice, Relator's retaliation claim and the claim for attorneys' fees under 31 U.S.C. §

3730(h)(2) (Doc. 123). In doing so, the district judge indicated that Relator was not entitled to

relief for the claim for attorneys' fees under 31 U.S.C. § 3730(h)(2), *including her costs and*

*attorneys' fees incurred in litigating the retaliation claim* (Doc. 123, at 18) (emphasis added).

The district judge indicated that such denial did not impact Relator's request for attorneys' fees

under 31 U.S.C. § 3730(d) but, rather, directed Relator to submit a supplement to her request

for attorneys' fees within 10 days, explaining what portion of the requested fees, if any, Relator

incurred in the litigation of her retaliation claim, which were therefore not recoverable (Doc.

123, at 19).

To that end, Relator submitted a supplemental declaration, indicating that Relator

removed 10 hours incurred in drafting the original retaliation claim and an additional 12.3 hours

of time related to the preparation, filing, and service of the Amended Complaint; various

conferences with defense counsel regarding extensions of time to respond to the Amended

Complaint; conferences with co-counsel concerning negotiations with Encompass Health; and

follow-up conversations with Relator, for a total reduction of $13,380 (Doc. 124, at 2; Doc.

138, at 2-3). In addition, in the supplemental application for attorneys' fees, Relator indicates

that she also removed any time incurred since August 16, 2019 pertaining to Relator's dismissed

retaliation claim (Doc. 138, at 3). Notwithstanding the district judge's explicit ruling regarding

the inability of Relator to collect attorneys' fees for her retaliation claim, and despite Relator's

supplemental declarations regarding reductions taken pertaining to the retaliation claim, Relator

still seeks reimbursement for hours expended related to the retaliation claim and to the

Amended Complaint (Doc. 138, Ex. A). For instance, between July 3, 2019 and July 17, 2019,

the time records reflect at least 15 entries referencing work performed on the retaliation claim

and the Amended Complaint, for a total of approximately 45 hours (Doc. 138, Ex. A, at 90-91).

As nearly all of the time entries related to the retaliation claim and the Amended Complaint, along with most of the time entries in general, consist of vague entries and block billing, a reduction must apply. Given the lack of any basis for meaningful review of which hours pertain specifically to the retaliation claim and the Amended Complaint, and to all of the hours claimed by S&M, an across-the-board reduction is appropriate. *See U.S. ex rel. Joseph F. Tommasino, P.A., PhD v. Guida*, No 10-cv-4644 (JFB) (AKT), 2017 WL 878587, at \*8 (E.D.N.Y. Mar. 6, 2017) (noting, in a case involving a request for attorneys' fees relating to a claim under the False Claims Act, that block billing frustrated meaningful review of the reasonableness of the claimed hours and therefore finding a 10% reduction to the billed hours appropriate).

### 4.    Reduction

As the foregoing illustrates, a reduction of the hours expended by S&M is warranted. The fee application, which Relator does not delineate in any particular or useful way, remains too voluminous and involves too many vague and block-billed time entries, thereby precluding an hour-by-hour or entry-by-entry reduction. Instead, an across-the-board reduction of 20% for work performed by S&M is appropriate. The attorneys' fee award relating to work performed by S&M is hereby reduced from $1,256,339 to $1,005,071.20. Accordingly, Relator is awarded $1,005,071.20 in attorneys' fees for work performed by S&M in this action.

### b.    Kendall

As to the hours requested by Kendall, reductions are similarly warranted, as a few of the hours expended are excessive and involve block billing (Doc. 138, Ex. B). Specifically, a total reduction of 9.4 hours shall apply to the hours expended by Judge Kendall as follows:

| | **Requested Amount** | **Reduced Amount** |
|---|---|---|

| | | | |
|---|---|---|---|
| 9/11/2012 | Prep for meeting with AUSA; meeting with client re AUSA meeting; meeting with AUSA | 8.2 | 6.0 |
| 9/12/2012 | Conf. with D. Harrison and Magnanini re status and strategy | 1.2 | 0.5 |
| 1/9/2013 | Meeting with co-counsel in preparation for meeting with the Government in Tampa (including Travel) | 8.5 | 5.0 |
| 1/10/2013 | Meeting in Tampa with the Government (including travel) | 6.0 | 3.0 |

Applying the reduction of 9.4 hours at the stipulated hourly rate of $720 equates to a $6,768 reduction in attorneys' fees for Kendall.[5] Accordingly, Relator shall be awarded $35,120 – *i.e.*, $41,888 less the $6,768 in reductions – in attorneys' fees for work performed by Kendall in this action.

### iii. Total Attorneys' Fee Award

In sum, Relator is awarded attorneys' fees in the amount of $1,005,071.20 for work performed by S&M in this action and in the amount of $35,120 for work performed by Kendall in this action. In total, Relator is awarded attorneys' fees in the amount of $1,040,191.20.[6]

---

[5] Since the time entries for Kendall did not involve voluminous records, the Court conducted an entry-by-entry reduction rather than an across-the-board reduction. If, instead, the Court conducted an across-the-board reduction, a reduction of 15-20% would be appropriate. Given that the foregoing reduction is approximately equivalent to an across-the-board reduction of 16%, such reduction is reasonable under these circumstances.

[6] In its supplemental brief, Encompass Health argued that Relator pursued excessive, premature, and unwarranted discovery and an unnecessary motion to compel given the posture of the case (Doc. 141, at 6). Encompass Health therefore contends that such hours should be excluded from any fee award. Indeed, the discovery and motion related to the billing practices of Encompass Health's counsel as a comparison point for Relator's request for attorneys' fees and to demonstrate the reasonableness of the attorneys' fees (*see* Doc. 132). As the discovery was unnecessary and the motion to compel was denied as moot, especially given the parties' stipulation as to the hourly rates, a reduction of those hours is warranted. In applying a 20% across-the-board reduction, the undersigned took the issue into consideration.

### B.    Costs and Expenses

Under 31 U.S.C. § 3730(d), Relator is additionally entitled to an award of reasonable costs and expenses. Indeed, pursuant to 31 U.S.C. § 3730(d), a relator is entitled to an amount for *reasonable expenses* which the court finds to have been *necessarily incurred* plus *reasonable* costs. 31 U.S.C. § 3730(d)(1) & (2) (emphasis added). Courts generally award only reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients. *Guida*, 2017 WL 878587, at \*11 (citations omitted). In seeking costs and expenses, the fee applicant bears the burden of adequately documenting and itemizing the requested costs and expenses. *See id.* (citations omitted).

Here, Relator requests $31,739.73 in costs and expenses, including travel expenses, meals, courier service, teleconferencing fees, and electronic research (Doc. 138, Exs. C & D). Encompass Health argues that Relator's entries fail to contain the requisite particularity and specificity to assess what the purported costs and expenses relate to and whether they are reasonable. Encompass Health argues further that many of the costs appear considerably higher than normal travel expenses and appear to vary greatly from one another despite S&M's frequent travel to the same locations.

Encompass Health's arguments are well-taken. As a primary example, Relator seeks reimbursement for expenses related to meals, yet the requested expenses are exorbitant and patently unreasonable, and Relator offers no basis for awarding the requested expenses. For example, the following charges are sought as expenses: (1) a January 31, 2013 entry for $290 for "Working Meals"; (2) a July 2, 2014 entry for breakfasts, lunches, and dinners in varying amounts, including a $42 breakfast, $80 breakfast, $66 lunch, $69 dinner, $173 dinner, and $206 dinner; (3) a March 31, 2015 entry for a $578 dinner with Relator's prior counsel described as "Business Development & Marketing: Meals and Entertainment" and $216 for hotel room

15

meals; (4) a May 21, 2015 entry for a $555 working dinner with co-counsel; (5) a May 15, 2016 entry for a $496 working dinner; (6) a March 7, 2017 entry for a $233 working dinner with counsel; (7) an April 1, 2018 entry for a $111 working breakfast with counsel; (8) a November 1, 2018 entry for a $115 working lunch; (9) a March 5, 2019 entry for a $200 working dinner with counsel; and (10) an April 1, 2019 entry for a $438 dinner meeting with counsel (Doc. 138, Ex. D). Such charges are clearly excessive and do not provide any context to determine what amount would be reasonable. Furthermore, Relator seeks reimbursement for "Tips" in amounts totaling $20 or $30 each time (*see, e.g.,* Doc. 138, Ex. D, at 4 & 8), but Relator points to no authority awarding such expenses. Moreover, as Encompass Health contends, the travel expenses for airfare, hotels, parking, and other miscellaneous expenses vary throughout the records and provide no specificity as to what those expenses relate to, such that a determination as to whether they are reasonable proves difficult. Relator likewise blocks together several expenses into one charge, such as travel, mileage, and parking, thereby compounding the difficulty.

Based on the foregoing, therefore, a reduction in costs and expenses is warranted. Namely, given the excessiveness and the lack of specificity of the request for costs and expenses to allow proper review, an across-the-board 20% reduction is both reasonable and appropriate. Applying such reduction to the requested costs and expenses, the total amount of costs and expenses is reduced from $31,739.73 to $25,391.79. Accordingly, Relator is awarded costs and expenses in the amount of $25,391.79.

**III.    Conclusion**

For the foregoing reasons, it is hereby

ORDERED:

1.   Relator's request for attorneys' fees, expenses, and costs (Docs. 89 & 138) is GRANTED IN PART AND DENIED IN PART.

2.  Relator is awarded attorneys' fees in the amount of $1,040,191.20.

3.  Relator is awarded costs and expenses in the amount of $25,391.79.

DONE AND ORDERED in Tampa, Florida, on this 31st day of March, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:     Counsel of Record